# Ernst R. Lindner, Appellee, v Kniseley Brothers, Appellant.

## Gen No. 19,376.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed July 2, 1914. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Ernst R. Lindner against Kniseley Brothers, a corporation, to recover damages for personal injuries sustained in an accident that occurred while certain additional stories were added to a building known as the Boston Store. Plaintiff was employed by the Otis Elevator Company and was working in the

inside of an elevator shaft about the third floor from the top and defendant's employes were working at the top of the shaft. Defendant's employes in placing a board across the top of the shaft caused several bricks to fall down the shaft striking plaintiff on the head inflicting serious injury. From a judgment for plaintiff for five thousand dollars, defendant appeals.

F. J. CANTY and P. L. McARDLE, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 185*—*when evidence adduced on cross-examination does not bar recovery on count in declaration.* In an action by a employe of a company against another company for personal injuries received by plaintiff, where it was averred in a count in the declaration that employes of defendant without any warning to plaintiff negligently placed a board over an elevator shaft in which plaintiff was working so as to cause bricks to fall on plaintiff, *held* that the fact that an employe of defendant called as a witness for plaintiff testified that he looked down the hatch before placing the board and saw no one therein and that he placed the board down lightly, was not conclusive against the right of plaintiff to recover under such count, it appearing that plaintiff was obliged to call such employe as his witness to establish the fact that the act complained of was the act of the defendant and that the testimony complained of was given on cross-examination over plaintiff's objection.

2. NEGLIGENCE, § 47*—*proximate cause.* Negligence in placing a board across the top of an elevator shaft which caused brick to become dislodged and fall down the shaft upon plaintiff, *held* to warrant the jury in finding that the act was the proximate cause of the jury.

3. CUSTOMS AND USAGES, § 26*—*admissibility.* Where a servant of an elevator company while working in an elevator shaft was injured by the negligence of servants of another company working on the same building in placing a board across the top of an elevator shaft in which the servant of the former company was

working so as to cause brick to fall on him, *held* in an action against the latter company for the injury that testimony of plaintiff's fellow-servants to show that there was a general custom for men engaged in the erection or repairing of a building to give notice to men working in elevator shafts before starting to work over their heads was admissible.

4. APPEAL AND ERROR, § 1561*—*when refusal of requested instruction harmless.* Refusal of appellant's requested instruction covered by other instructions given for appellant *held* not prejudicial.